# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF SOUTH CAROLINA
# ORANGEBURG DIVISION

| | |
|---|---|
| Jamal Hassan Doctor,<br><br>　　　　Plaintiff,<br>　v.<br><br>Michael Haven; Parag Dalsania; and Angela Rutledge,<br><br>　　　　Defendant. | Case No. 5:24-46-RMG-KDW<br><br><br>**ORDER AND OPINION** |

This matter is before the Court on the Report and Recommendation (R&R) of the Magistrate Judge, recommending the Amended Complaint be summarily dismissed. (Dkt. No. 26). For the reasons set forth below, the Court adopts the R&R as the Order of the Court. The Court dismisses Plaintiff's complaint without prejudice and without issuance and service of process.

## I.     Background

Plaintiff, proceeding *pro se*, brings this action pursuant to 42 U.S.C. § 1983 alleging medical malpractice by prison officials. (Dkt. No. 16). Plaintiff claims that his mental health medications poisoned him, resulting in him suffering a stroke. (*Id.*).

On April 24, 2024, the Magistrate Judge issued an R&R recommending that Plaintiff's complaint be dismissed without prejudice and without issuance of service of process due to his failure to state a claim upon which relief may be granted. (Dkt. No. 26 at 3). Plaintiff did not file objections to the R&R.

## II.     Legal Standard

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility for making a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The Court is charged with making

a *de novo* determination only of those portions of the Report to which specific objections are made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).  In the absence of specific objections, the Court reviews the matter only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'") (quoting Fed. R. Civ. P. 72 advisory committee's note).

### III.    Discussion

The Court adopts the Magistrate Judge's recommendation that Plaintiff's case is subject to dismissal for failure to state a claim upon which relief may be granted.  As the R&R explains, "medical malpractice, a state law tort, is not cognizable under 42 U.S.C. § 1983." (Dkt. No. 26 at 3).  This Court further agrees with the R&R's finding that Plaintiff's allegations do not rise to the level of deliberate indifference to his medical needs. (*Id.*).  As a result, Plaintiff has failed to state a claim of a constitutional violation under Section 1983 upon which relief may be granted.

### IV.    Conclusion

Here, because no objections were filed, the Court has reviewed the record, the applicable law, and the findings and recommendations of the Magistrate Judge for clear error. Finding none, the Court **ADOPTS** the R&R (Dkt. No. 26) as the Order of the Court and **DISMISSES** this action without prejudice and without issuance and service of process.

**AND IT IS SO ORDERED.**

 s/Richard M. Gergel  
Richard Mark Gergel  
United States District Judge

May 16, 2024  
Charleston, South Carolina